# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WILBER A. VALLADARES VAQUIZ<br>1331 Fort Stevens, NW<br>Apt. 107<br>Washington, DC 20011 | :<br>:<br>:<br>: Civil Action No. |
| Plaintiff, | : |
| v. | : |
| MONUMENT DRYWALL, INC.<br>8300 Richmond Highway<br>Alexandria, Virginia 22309 | :<br>:<br>: |
| Serve: Registered Agent:<br>Milagros USA, LLC<br>8330 B. Richmond Highway<br>Alexandria, Virginia 22309 | :<br>:<br>:<br>: |
| HECTOR VITELA AVILA<br>8300 Richmond Highway<br>Alexandria, Virginia 22309 | :<br>:<br>: |
| Defendants. | : |

## COMPLAINT

Plaintiff, Wilber A. Valladares Vaquiz ("Plaintiff"), by and through his attorneys, Mary Craine Lombardo, Eduardo S. Garcia and Stein Sperling Bennett De Jong Driscoll PC, hereby file their Complaint against Defendants Monument Drywall, Inc. and Hector Vitela Avila (collectively "Defendants"), under the D.C. Wage Payment and Collection Law ("DCWPCL"), D.C. ST § 32-1301, *et seq.*, the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the D.C. Wage Revision Act ("DCMWRA"), D.C. ST §32-1003, *et seq.*, stating as follows:

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

4986491_1

## INTRODUCTION

Plaintiff worked for Defendants as laborers. Plaintiff was paid at the same regular hourly rate for all hours worked. Plaintiff worked approximately sixty hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate as required by D.C. and federal law. Defendants have willfully violated the clear and well-established overtime provisions of the FLSA, the DCMWRA, and the DCWPCL. Plaintiff seeks compensatory and statutory damages for all unpaid overtime compensation, as well as attorneys' fees and costs.

## JURISDICTION & VENUE

1. This Court has subject matter jurisdiction over the causes of action alleged in this Complaint pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. § 216.

2. Venue is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff is an adult resident of the District of Columbia.

4. Defendant Monument Drywall, Inc. ("Monument") is a Virginia corporation operating and doing business in the District of Columbia.

5. Defendant Hector Vitela Avila is the principal of Monument.

6. At all times material herein, Defendants, in the aggregate and as a single enterprise, had annual gross volume of sales made or business done in an amount exceeding $500,000.

7. Each Defendant is an "employer" within the meaning of the FLSA, the DCMWRA, and the DCWPCL.

8. Defendants have at least two or more employees who are engaged in commerce, handle, sell or otherwise work on goods or materials that have moved in or were produced for

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

commerce. Defendants negotiate and purchase from producers and suppliers who operate in interstate commerce and serve customers in interstate commerce.

9. At all times relevant, Defendants constituted an "enterprise" within the meaning of 29 U.S.C. § 203(r).

10. Defendant Hector Vitela Avila controlled the day to day operations of Monument.

11. Defendant Hector Vitela Avila had the power to hire, fire, suspend, and discipline Plaintiff.

12. Defendant Hector Vitela Avila supervised Plaintiff directly or indirectly.

13. Defendant Hector Vitela Avila directly or indirectly set and controlled Plaintiff's work schedule or had the power to do so.

14. Defendant Hector Vitela Avila directly or indirectly set and determined the rate and method of Plaintiff's pay or had the power to do so.

15. The District Court of the District of Columbia has made clear that individual employers are liable regardless of corporate shields under the FLSA and the DCWPCL if the employer met the economic reality test for "control." *Ventura v. Bebo Foods, Inc.*, 2738 F. Supp. 2d 1, 5 (DC 2010).

16. The economic reality test for "control" considers "whether the putative employer has the power to hire and fire, supervise and control work schedules or conditions of employment, determine rate and method of pay, and maintain employment records." *Id*.

17. Defendant Hector Vitela Avila would be considered an employer for purposes of individual liability because of his intrinsic involvement in the business.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

## FACTS

18. Plaintiff was employed by Defendants as laborer from January 27, 2016 through September 20, 2016 ("Employment Period").

19. Plaintiff was paid at a regular hourly rate of $19.00.

20. Plaintiff worked approximately sixty hours per week and was not paid at the overtime rate of one and a half times his regular hourly rate for those hours worked over forty per week.

21. Plaintiff is owed $6,260.50 in overtime wages.

22. Plaintiff is owed wages that Defendants willfully failed and refused to pay to Plaintiff in violation of D.C. and federal law.

23. By statute, Defendants are required to maintain records which document the number of days Plaintiff worked. *See* 29 U.S.C. §211(c).

24. The precise number of hours worked, and wages owed, should be revealed through discovery.

25. Defendants knowingly and intentionally violated Plaintiff's rights under D.C. and federal law.

## COUNT I
### (Violation of the D.C. Wage Payment and Collection Law)

26. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

27. Defendants were required to pay Plaintiff overtime wages at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

28. While employed by Defendants, Plaintiff worked overtime hours that were not properly compensated by Defendants as required by the DCWPCL.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

29. Unpaid wages are due and owing to Plaintiff by Defendants.

30. Defendants' failure and refusal to comply with their obligations under the DCWPCL was not due to any bona fide dispute, and was therefore willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $25,042.00 which equals the unpaid wages plus three times the wages owed; and to grant to Plaintiff his reasonable attorneys' fees and costs and such other and further relief as the Court deems just and proper

## COUNT II
## (FLSA)

31. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

32. Defendants were required to pay Plaintiff compensation at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week. *See* 29 U.S.C. § 207(a)(2).

33. Throughout the Employment Period, Defendants failed to compensate Plaintiff at the rate of one and a half times his regular hourly rate for all hours worked in excess of forty hours per week.

34. Defendants' actions complained of herein constitute a willful violation of Section 207 of the FLSA.

35. Defendants' violation makes them liable to Plaintiff for all unpaid overtime compensation and an additional equal amount as liquidated damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in his favor in an amount to be determined at trial, but

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

not less than $12,521.00, which is two times the total overtime compensation owed, and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

### COUNT III
### (Violation of the D.C. Minimum Wage Revision Act)

36. Plaintiff adopts herein by reference paragraphs 1 through 25 above as if fully set forth herein.

37. Defendants were required to pay Plaintiff one and a half times his regular hourly rate for hours in excess of forty hours per week. *See* D.C. ST §32-1012.

38. Throughout the Employment Period, Defendants failed to properly pay Plaintiff overtime as required by the DCMWRA.

39. Unpaid wages are due and owing to Plaintiff by Defendants.

40. Defendants' failure and refusal to comply with their obligations under the DCMWRA was willful and not in good faith.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendants, jointly and severally, in favor of Plaintiff in an amount to be determined at trial, but not less than $6,260.50 and to grant to Plaintiff his reasonable attorneys' fees and costs, and such other and further relief as the Court deems just and proper.

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

Respectfully submitted,

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC


By:       /s/
     Mary Craine Lombardo (495881)
     mlombardo@steinsperling.com

By:       /s/
     Eduardo S. Garcia (1028040)
     egarcia@steinsperling.com

25 West Middle Lane
Rockville, Maryland 20850
(301) 340-2020
(301) 354-8126 – fax

*Attorneys for Plaintiff*

STEIN SPERLING BENNETT
DE JONG DRISCOLL PC

ATTORNEYS AT LAW
25 WEST MIDDLE LANE
ROCKVILLE, MARYLAND 20850

TELEPHONE 301-340-2020

7

4986491_1